PAINE LUMBER COMPANY (LIMITED), Respondent, vs. THE CITY OF OSHKOSH, Appellant.

*November 8 — November 28, 1893.*

*Municipal corporations: Opening street: Temporary injunction: Discretion: Appeal.*

A temporary injunction granted in an action to restrain a city from opening a street which for more than thirty years it has allowed the plaintiff and its grantors to occupy to the exclusion of the public, will not be disturbed on appeal where it is not shown that, if allowed to stand, it will result in any special harm to the city or any citizen.

APPEAL from the Circuit Court for *Winnebago* County.

On a replat of the city of *Oshkosh*, made in 1859, the tract of land in the Fifth ward between West Algoma, High, James, and Pearl streets is platted as blocks 119 and 122, and between these blocks, extending from High to Pearl street, is platted as Henry street, sixty feet wide, which has never been opened to public use. Both of these blocks are owned, and, together with Henry street, have been occupied, by the plaintiff company and its grantors more than thirty years with buildings and as a lumber yard. In August, 1890, the mayor and common council of

*Oshkosh* passed a resolution directing the city attorney to institute proceedings to open Henry street between said blocks and beyond to public use as a street. Thereupon plaintiff commenced this action in equity to restrain the city from thus opening Henry street between High and Pearl streets. The complaint alleges the above facts and others which it is claimed show an abandonment of Henry street by the city. It also sets out several general statutes concerning highways in support of its claim of abandonment, and alleges that such statutes are in force in defendant city. The city answered to the merits.

On notice and order to show cause, and after arguments by counsel for both parties, the court, on the pleadings alone, granted an injunction restraining the city from opening the street between said blocks during the pendency of the action. The city appeals from such order.

*H. I. Weed*, for the appellant.

For the respondent there was a brief by *Felker, Stewart & Felker*, and oral argument by *C. W. Felker*. To the point that the appellate court will not, in a case like this, review the discretion of the court below upon conflicting facts set forth in the pleadings or affidavits, they cited 2 High, Inj. sec. 1696; *Strasser v. Moonelis*, 108 N. Y. 611; *Selchow v. Baker*, 93 id. 59; *Heiss v. Vosberg*, 59 Wis. 532, 539; *Hill v. Lockwood*, 62 id. 507.

LYON, C. J. This appeal is from an order granting a temporary injunction, the granting of which is largely within the discretion of the court. The city has remained quiet for more than thirty years, and has allowed plaintiff and its grantors to occupy the *locus in quo* during all that time to the exclusion of the public. Nothing appears in the pleadings showing any change of circumstances, or that the city or any citizen of the state will be specially injured if the injunction be allowed to stand until the hear-

ing. Under these circumstances we do not feel called upon to determine the merits of this controversy on the present appeal. That can best be done after the testimony has been taken, and on the final hearing. All we now determine is: It is not made to appear that the order appealed from, if allowed to stand, will result in any special harm to the city or any citizen of the state. All other questions are reserved. We affirm the order for the reason stated, but without prejudice to the right of the city, on a proper showing, to move the circuit court to vacate the preliminary injunction, and to. appeal from an order (if one be made) denying such motion.

*By the Court.*— Order affirmed.